FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 DEC -3 AM 11: 37

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| In re:<br><br>BBL GROUP, INC.,<br><br>    Debtor.<br><br>In re:<br><br>BENJAMIN B. LOFTON,<br><br>    Debtor. | Bankruptcy Case No.<br>95-42423<br><br>(Jointly administered<br>  with 95-42424) |
| Ex parte:<br><br>CHARLES CLEVELAND AND<br>CLEVELAND & CLEVELAND, P.C.<br><br>    Appellants,<br><br>vs.<br><br>TALENT TREE STAFFING<br>SERVICES, INC. AND ROBERT J.<br>LANDRY, III, U.S. BANKRUPTCY<br>ADMINISTRATOR,<br><br>    Appellees. | APPEAL NO.<br><br>CV-97-AR-1426-E |



ENTERED

DEC 3 1997

### MEMORANDUM OPINION

This court has before it an ex parte appeal by Charles Cleveland ("Cleveland") and his law firm, Cleveland & Cleveland, P.C., counsel for BBL Group, Inc. ("BBL"), the debtor-in-possession in the above-styled bankruptcy action, from an order of the Bankruptcy Court for the Northern District of Alabama denying their most recent fee application. Appellants sought

10

BBL's creditors, Talent Tree Staffing Services, Inc. ("Talent Tree"), proposed plans of reorganization for BBL (the "BBL plan") and for Lofton (the "Lofton plan"). Under the BBL plan, all but one of BBL's creditors would be paid in full. The one BBL creditor that would not be paid in full — Talent Tree — agreed to accept the proposed treatment provided that certain fraud claims brought against it by BBL in the Circuit Court of Jefferson County, Alabama, were dismissed. The Lofton plan provided, in part, that BBL would contribute $30,000 to Lofton's bankruptcy estate. None of BBL's creditors objected to either reorganization plan.

On September 20, 1996, the Bankruptcy Court entered orders confirming both the BBL plan and the Lofton plan. BBL appealed the Bankruptcy Court order confirming the Lofton plan; however, it later dismissed its appeal. BBL also appealed the Bankruptcy Court's order confirming the BBL plan. According to appellants, the primary purpose in appealing the BBL plan was to preserve BBL's state law fraud claims against Talent Tree. (Appellants' Brf. at 1-2). Arguably, BBL stood to collect a sizeable judgment if it prevailed against Talent Tree. On February 7, 1997, this court affirmed the confirmation of the BBL plan. BBL and Lofton appealed, but, on November 18, 1997, the Eleventh Circuit affirmed this court's decision.

On March 7, 1996, appellants filed an application for compensation from the BBL estate. In the application, appellants requested a total of $16,267.50 in fees for legal services rendered between October 1, 1996, and March 4, 1997. The vast majority of these fees — $15,092.50 — relate to BBL's appeal of the BBL plan. The remainder — $1,175 — relate to BBL's appeal of the Lofton plan. BBL's creditors objected to appellants' fee application. On April 23, 1997, the Bankruptcy Court, Honorable James S. Sledge presiding, held a hearing on appellants' fee application in which Cleveland was the only witness. At the conclusion of Cleveland's testimony, Judge Sledge found that the services rendered by appellants and the hourly rates charged for those services were reasonable. However, relying on In re Storms, 101 B.R. 645 (S.D.Cal. 1989), Judge Sledge also found that appellants had not shown that the services benefitted the estate as required by 11 U.S.C. § 330(a). As a result, Judge Sledge rejected appellants' fee application on April 24, 1997. This appeal followed.

II. *Standard of Review*

A bankruptcy court's conclusions of law are subject to *de novo* review by the district court. See In Re G.S.F. Corp., 938 F.2d 1467 (1st Cir. 1991); In Re Daniels-Head Assocs., 819 F.2d

4

914 (9th Cir. 1987). The district court should not set aside a bankruptcy court's findings of fact unless clearly erroneous. *See* Bankruptcy Rule 8013.

### III. *Discussion*

Cleveland's application seeks fees totaling $16,267.50 for services rendered from October 1, 1996, to March 4, 1997. According to the Eleventh Circuit:

> <u>Bankruptcy judges and district court have broad discretion in determining attorney's fees for bankruptcy proceedings; the exercise of that discretion will not be disturbed absent abuse of discretion</u>. (Citation omitted). Bankruptcy and district court judges may abuse their discretion by failing to apply proper legal standards, by failing to follow proper procedures, or by basing the award on findings of fact that are clearly erroneous.

<u>Grant v. George Schumann Tire & Battery Co.</u>, 908 F.2d 874, 878 (11th Cir. 1990) (emphasis supplied). In keeping with this authority, the court will review the Bankruptcy Court's decision for abuse of discretion.

It is well settled that debtor's counsel should not be compensated from the estate unless his or her services benefit the estate. *See e.g.*, <u>In re Reed</u>, 890 F.2d 104, 105 (8th Cir. 1989) (noting that legal services that benefit debtor only are not compensable from estate); <u>In re Word of Faith Fellowship, Inc.</u>, 1997 WL 527852 at *4 (Bankr. N.D.Ill.)(same); <u>In re Office Products of America, Inc.</u>, 136 B.R. 983, 986 (Bankr. W.D.Tex.

5

1992)(same). This limitation exists because "every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." In re Word of Faith Fellowship, Inc., 1997 WL 527852 at *3. The same limitation exists where, as here, an attorney represents a debtor-in-possession. See In re Office Products of America, Inc., 136 B.R. at 989 (explaining that counsel for debtor-in-possession cannot be compensated from estate for services that do not benefit estate). In this last instance, the limitation has added significance because "[a] chapter 11 debtor-in-possession, like a trustee, has been entrusted with fiduciary responsibility to administer the estate and to act for the benefit of the creditors." Id. at 987.

In the instant case, Cleveland's testimony clearly provides a basis upon which Judge Sledge could conclude, as he did, that appellants' services did not benefit the BBL estate. For example, when Cleveland was asked why he appealed the confirmation orders despite the fact that none of BBL's creditors objected to the reorganization plans, he testified:

> I represent the corporation. And the reason to pursue these appeals is to protect the integrity and assets of the corporation. And that's who I represent, and that's who would benefit from the reversal of this [confirmation] order.

(Appellant's Designation #1 at 27) (emphasis supplied). In so

6

doing, Cleveland, in effect, concedes that the sole beneficiary of the appeal efforts was the debtor corporation, itself, and not its bankruptcy estate. It is well settled that a debtor corporation and the debtor corporation's estate in bankruptcy are not the same legal entity. *See* In re Word of Faith Fellowship, Inc., 1997 WL 527852 at *5 (Bankr. N.D.Ill.) (explaining that bankruptcy estate is not same legal entity as corporate debtor entity). As such, legal services that benefit, or that are intended to benefit, a corporate debtor-in-possession do not necessarily benefit that debtor corporation's estate in bankruptcy. Therefore, given Cleveland's concession, the court concludes that the Bankruptcy Court did not abuse its discretion in finding that Cleveland's services did not benefit BBL's estate.

This conclusion remains unchanged even if one accepts appellants' contention that BBL had a fiduciary obligation to pursue the appeals in order to safeguard Lofton's "distributional interest" as BBL's only shareholder.[1] The interest of the debtor corporation's shareholder is distinct from and subordinate to

---

[1] In an effort to justify their services, appellants continuously refers to Lofton as BBL's "equity creditor" and as "merely another creditor of the estate." (Appellants' Reply Brf. at 13). The Bankruptcy Code does not define the term "equity creditor," and appellants do not cite any authority for the proposition that shareholders occupy equal status with other creditors of the debtor's estate. Consequently, the court finds appellants' attempt to aggrandize BBL's fiduciary obligation to Lofton unconvincing.

the interest of the bankruptcy estate. As one court observed, "[w]hen representing the debtor in possession, its attorney has a duty to look to the interests of the estate and <u>not to the interests of its principals, shareholders, officers or directors</u>." <u>In re Bonneville Pacific Corp.</u>, 196 B.R. 868, 885 (Bankr. D.Utah 1996). Thus, legal services that seek to protect the interest of the debtor's shareholder do not, as appellants contend, necessarily result in a benefit to the debtor's estate. Absent some showing of a benefit, whether monetary or of some other kind, to the estate or its *bona fide* creditors, appellants are not entitled to compensation from the estate for services rendered, in essence, on behalf of BBL's shareholder. *See* <u>In re DN Assocs.</u>, 160 B.R. 20, 22 (D.Me. 1993) (explaining that counsel for debtor-in-possession cannot receive compensation from estate for "representing the interest of the debtor or the debtor's directors, officers, and/or shareholders in a manner which is adverse to, or does not benefit, the estate or the creditors"), *aff'd.*, 3 F.3d 512 (1st Cir. 1993). The Bankruptcy Court determined that appellants failed to make such a showing, and they have presented nothing which persuades this court that the Bankruptcy Court abused its discretion in doing so. Accordingly, the decision of the Bankruptcy Court is due to be affirmed.

8

### IV. *Conclusion*

The court will enter a separate and appropriate order in accordance with this memorandum opinion.

DONE this 3rd day of December, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

compensation from BBL's bankruptcy estate for services rendered in appealing the Bankruptcy Court's confirmation of reorganization plans proposed for BBL and Benjamin Lofton ("Lofton"). The Bankruptcy Court held that appellants' services were not compensable from the BBL estate because the said services did not benefit the BBL estate. This court's jurisdiction arises from 28 U.S.C. § 158(a).

### I. *Pertinent Facts and Procedural History*

The facts surrounding the complex Chapter 11 bankruptcy action that is at the heart of the instant appeal are well known to those involved. As such, there is little need to repeat those facts here in any detail. Nevertheless, a brief synopsis of pertinent facts and events is appropriate.

Lofton is BBL's only shareholder. On October 17, 1995, Century Plaza Company filed involuntary Chapter 7 bankruptcy petitions against BBL and Lofton. In November, 1995, the Bankruptcy Court converted the cases against BBL and Lofton into a jointly administered Chapter 11 reorganization proceeding. At all times pertinent to this appeal, BBL acted as a debtor-in-possession. In March, 1996, BBL engaged appellants as its counsel.

Following the expiration of the "exclusivity period," one of

2